**In re Leburn Foy GARDNER, Individually and doing business as Garnix Trucking Company, Bankrupt.**

**Claude M. BURNS, Jr., Trustee, Plaintiff-Appellee,**

v.

**BIRMINGHAM TRUST NATIONAL BANK, Defendant-Appellant.**

**Civ. A. No. 78–A–0532–W.**

United States District Court, N. D. Alabama, W. D.

Aug. 2, 1978.

328

Walter P. Crownover, Tuscaloosa, Ala., for bankrupt.

Claude M. Burns, Jr., Tuscaloosa, Ala., for plaintiff-appellee.

Albert E. Ritchey, Ritchey & Ritchey, Birmingham, Ala., for defendant-appellant.

## MEMORANDUM OPINION

ALLGOOD, District Judge.

This case is before this Court on an appeal from an order of the Trial Judge that the Trustee's title in a mobile home is superior to the title of the Appellant, Birmingham Trust National Bank.

On April 23, 1975, the Bankrupt, Leburn Foy Gardner, purchased a mobile home from Indon Industries, Inc., doing business as Steel City Mobile Homes, Fayette, Alabama. A security interest was retained by the seller and a financing statement was subsequently filed on June 6, 1975, in Lamar County, Alabama.

In January of 1978, Gardner filed a voluntary petition in Bankruptcy. One of the assets listed in his petition, and still in his possession at this time, was the mobile home purchased from Indon Industries, Inc. The security interest in the mobile home had been transferred by Indon to Birmingham Trust National Bank, the Appellant herein.

Claude M. Burns, Jr., the Trustee in this case, filed a complaint with the Court on March 3, 1978, seeking the right to sell the mobile home involved free and clear of the purported lien of the Birmingham Trust National Bank. The Trustee alleged that the recording of the financing statement in Lamar County was not sufficient to perfect the security interest of the Birmingham Trust National Bank because of the fact that the Bankrupt was not a resident of Lamar County at any time which was critical to the perfection of the alleged security interest.

Birmingham Trust National Bank filed its Answer on March 23, 1978, alleging that its security interest was properly perfected. In support of its Answer, the Birmingham Trust National Bank filed a Trial Brief with the Trial Court in which it set out the following:

## "PROPOSITION OF LAW

" '1. The proper place to file in order to perfect a security interest is as follows:

a. When the collateral is . . . consumer goods, then in the office of the judge of probate *in the county of the debtor's residence* . . . .' Ala. Code, Section 7–9–401(1)(a) (1975); Ala.Code, Title 7A, Section 9–401(1)(a) (Recomp.1954) (Emphasis added)"

In its argument to support the proposition of law quoted, the Birmingham Trust National Bank went on to say the following:

At the time the security interest attached in the present case the debtor's residence was in Vernon, Alabama as evidenced by the contract and the financing statement was filed correctly in Lamar County and is paramount to any alleged interest of the Trustee. To hold otherwise would be to ignore the mandate of Ala.Code Section 7–9–401(3) (1975); Ala. Code Title 7A, Section 9–401(3) (Recomp. 1954) which reads in pertinent part:

A filing which is made in the proper place in this state continues effective

even though the debtor's residence . . . whichever controlled the original filing, is thereafter changed.

Therefore, when the original filing was made in the county of the debtor's residence, Lamar County, at the time the security interest attached, it is still proper even if the mobile home was later moved to Moundsville, Alabama.

The Trial Court heard the matter orally on March 24, 1978. The witnesses heard were the Bankrupt, Leburn Foy Gardner, and Joe Galloway, an employee of Indon Industries, Inc. A Mrs. Chandler also testified but her testimony is not significant to the issue involved.

The entire thrust of the oral hearing was directed toward proving where the Bankrupt resided at the time of purchase of the mobile home and where he resided at the date of the recordation of the financing statement involved. The Trial Judge inquired of the Trustee if he wished to file a brief. Mr. Burns, the Trustee, replied in the negative and informed the Court that he agreed with the Birmingham Trust National Bank on the law as set out in the trial brief of the Birmingham Trust National Bank and that the only question before the Court was one of fact involving the Bankrupt's residence at the critical time. To this statement, Appellant made no objection.

The Trial Judge entered his opinion on April 5, 1978. He found as a fact that, at the time the security agreement was executed, the Bankrupt was a resident of Tuscaloosa County, Alabama, and that, at the time of recording of the financing statement, the Bankrupt was a resident of Hale County, Alabama. Having found that the Bankrupt did not reside in Lamar County at any time critical to this proceeding, the Trial Judge held that the Trustee's title to the mobile home involved was superior to the title of the Birmingham Trust National Bank under the provisions of Section 70(c) of the Bankruptcy Act. It is from this ruling that the Birmingham Trust National Bank appeals.

The Appellant, in his brief filed with this Court, now wishes to present a totally new issue by asserting that, under existing Alabama law, no recordation is necessary to perfect a purchase money security interest in a mobile home, and; therefore, the place of residence of the bankrupt at the time of purchase and recording is immaterial. This Court cannot reach that issue.

The Bankruptcy Rules clearly provide that an appeal to this Court from the ruling of a bankruptcy court cannot and should not be a trial *de novo*. It is the function of this Court to hear bankruptcy appeals and act to reverse, affirm or modify only on the issues presented to the trial judge. The purpose of the adoption of Part VIII of the Bankruptcy Rules by the Supreme Court was to establish an orderly procedure on appeal and to do away with the old, freewheeling, trial *de novo* concept of appeals. This is made clear by Advisory Committee's Note that Rule 810 "does not retain the provisions of General Order 47 authorizing receipt of further evidence by the district judge in connection with a review of a referee's order of findings."

Appellant filed a brief in the Trial Court and never mentioned, nor argued, that recordation was unnecessary. Rather, Appellant set out the issue in its answer and trial brief and Appellee agreed with the Appellant as to the sole issue on which the case was to be tried. The issue presented to the Trial Court cannot now be abandoned and a totally new issue presented for consideration. This Court can review only those rulings of the Trial Court made on issues properly presented to the Trial Court. It has no right to start over and ignore the original proceedings.

The findings of fact made by the Trial Judge as to the place of residence of the Bankrupt at the times critical to the issue presented to the Trial Judge are abundantly supported by the transcript and record. The trial Judge's findings were certainly not clearly erroneous and, therefore must be affirmed. Bankruptcy Rule 810.

Having found the facts supportive of the position of the Trustee, the Trial Judge further held that Trustee's title to the mobile home involved was superior to that of the Birmingham Trust National Bank. The order of the Bankruptcy Judge of April 5, 1978, is due to be affirmed.

It is so ordered.